LaMonica Herbst & Maniscalco, LLP
Attorneys for the Plaintiff
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
(516) 826-6500
David A. Blansky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                                    Chapter 11

CARITAS HEALTH CARE INC., et al.,
                                                          Cases No. 09-40901 (CEC)
        Debtors.                                          through 09-40909 (CEC)

-------------------------------------------------------------x    (Jointly Administered)

CARITAS HEALTH CARE, INC.,

                        Plaintiff,

        - against -
                                                          Adv. Pro No. 11-01125-CEC
KAMRAN A. ANSARI and
STUDIO HADAS ARCHITECTURE PC,

                        Defendants.
-------------------------------------------------------------x

## DECLARATION IN SUPPORT OF MOTION OF DISMISS
## BY DEFENDANT STUDIO HADAS ARCHITECTURE PC

I, David A. Blansky, Esq., declare, pursuant to 28 U.S.C. § 1746, the following:

1.      I am a partner at LaMonica Herbst & Maniscalco, LLP, counsel to the defendant

Studio Hadas Architecture PC ("Studio Hadas").  I submit this declaration in support of the motion

by Studio Hadas to dismiss the amended complaint filed by the plaintiff Caritas Health Care, Inc.

(the "Plaintiff") under Rules 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure,

as made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy

Procedure (the "Motion to Dismiss").

2.      The Court is also respectfully referred to the Declaration of Dov Hadas, president of

Studio Hadas, submitted in support of the Motion to Dismiss (the "Hadas Declaration").

**Background**

3.　According to the docket of the above-captioned adversary proceeding, a copy of which is annexed to the Hadas Declaration as Exhibit "C", this adversary proceeding was commenced by the filing of a complaint (the "Complaint") with the Court on February 5, 2011. [Adversary Docket No. 1].

4.　The Complaint asserted three claims for relief against the sole defendant named therein, Kamran A. Ansari, namely a preference claim under 11 U.S.C. § 547, a fraudulent conveyance claim under 11 U.S.C. § 548(a)(1)(B), and a claim under 11 U.S.C. § 550 to recover avoided transfers from Mr. Ansari, the value thereof or from any mediate or immediate transferee.

5.　Plaintiff sought $96,200.00 on account of four alleged transfers made between November 19, 2008 and January 9, 2009 (the "Transfers"). A schedule of the Transfers was annexed to the Complaint as an exhibit, which schedule identifies the payee on the instrument, check number, check date and the amount of each check.

6.　On or about May 25, 2011, Mr. Ansari, *pro se*, filed an answer (the "Ansari Answer") in which he denied many of the allegations set forth in the Complaint and alleged, among other things, the Studio Hadas, rather than Mr. Ansari, was the recipient of three of the checks aggregating $93,000.00. [Adversary Docket No. 8] In the Ansari Anwer, Mr. Ansari identified 1533 Peninsula Blvd., Hewlett, New York 11557 as his address.

7.　On June 7, 2011, Plaintiff filed the Amended Complaint naming Studio Hadas as a defendant in addition to Mr. Ansari. A copy of the Amended Complaint is annexed to the Hadas Declaration as part of Exhibit "B".

8.　The Amended Complaint is identical to the Complaint, with the exceptions that the caption and first paragraph have been amended to reference Studio Hadas and the term "Defendant"

has been made plural throughout the Amended Complaint. The schedule of transfers annexed to the Amended Complaint is identical to that filed with the Complaint, in that Studio Hadas is still not identified as a payee. See Exhibit "B" to the Hadas Declaration.

9. Following the filing of the Amended Complaint, Plaintiff requested and the Clerk of the Court issued a supplemental summons. [Adversary Docket Nos. 10 and 11, respectively]

10. According to the certificate of service filed by the Plaintiff with the Court [Adversary Docket No. 12], Plaintiff claims to have served the supplemental summons and Amended Complaint on Mr. Ansari at an address other than that set forth in the Ansari Answer, on Studio Hadas at a 621 E. Olive Street, Long Beach, New York address and on Studio Hadas at a 310 Woods Avenue, Oceanside, New York address on June 17, 2011.

11. As set forth in the Hadas Declaration, Dov Hadas, the president of Studio Hadas, has not resided at the Long Beach address in over eight (8) years. The Hadas Declaration further states the Supplemental Summons and Amended Complaint allegedly served on June 17, 2011 were not received at the Oceanside address by Mr. Hadas, the individual who receives and opens all mail on behalf of Studio Hadas at that address.

12. According to the Hadas Declaration, on or about September 19, 2011, Mr. Hadas received a call from the office of Plaintiff's counsel in which he was told of the scheduling of a court conference on September 21, 2011 involving a lawsuit against Studio Hadas and it was requested that he provide an e-mail address for Studio Hadas for the purpose of the service of a complaint naming Studio Hadas as a defendant. Mr. Hadas claims that, until that time, he was unaware that Studio Hadas had been named as a defendant in this lawsuit.

13. Mr. Hadas declined to accept service of process on behalf of Studio Hadas by e-mail. The following day he received a package containing a supplemental summons issued on June 17,

2011 (the "Supplemental Summons"), an amended complaint in the above-captioned adversary proceeding (the "Amended Complaint"), a certificate of service, and copies of the front and back of 4 checks (the "Checks"). A copy of the Supplemental Summons, the Amended Complaint, the certificate of service and the Checks[1], together with the shipping receipt, are annexed as Exhibit "B" to the Hadas Declaration.

14. On September 21, 2011, Plaintiff and Mr. Hadas appeared at a pre-trial conference before the Court, at which time the Court extended Studio Hadas' time in which to answer or otherwise move in response to the Amended Complaint to on or before October 28, 2011. Studio Hadas' extension of time was memorializing as part of a scheduling ordered entered by the Court on October 9, 2011. [Adversary Docket No. 15]

### Applicable Law

**A. Dismissal for Insufficient Process and Service of Process**

15. Rule 7004(e) of the Federal Rules of Bankruptcy Procedures provides that the service of a summons issued by the Clerk of the Court must be made with a copy of the complaint within fourteen days of the summons being issued.

16. Rule 12(b)(4) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides for a dismissal due to a defect arising from a summons.

17. Rule 12(b)(5) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides for a dismissal due to lack of service of process.

---

[1] I have redacted the account numbers found on the reverse side of the checks, as required by Rule 9037 of the Federal Rules of Bankruptcy Procedure.

18.     Rule 4(m) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, requires that a complaint be served on the defendant within 120 days of filing or be subject to dismissal.

**B. Dismissal for Failure to Statute a Claim**

19.     To defeat a motion to dismiss under 12(b)(6), a complaint must set forth a "plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conceivable claims are no longer sufficient. Bell Atl., Id. at 570, 127 S.Ct. 1955 (complaint should be dismissed under 12(b)(6) where "plaintiffs ... have not nudged their claims across the line from conceivable to plausible"). As interpreted by the Second Circuit, the plausibility requirement does not create a heightened pleading standard, but rather a flexible standard that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir.2007); see Bell Atl., 550 U.S. at 555, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level."). . . .

20.     The court's consideration is limited to the four corners of the complaint; documents attached to the complaint as exhibits or incorporated in it by reference; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which he had knowledge, on which plaintiff relied in bringing suit. Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993).

21.     Under Federal Rule of Civil Procedure 15(c)(1), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7015, an amendment to a pleading, including the addition of a new defendant to the complaint, will relate back to the date of the original pleading when:

(A)     the law that provides the applicable statute of limitations allows relation back;

(B)     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempting to be set out–in the original pleading; or

(C)     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii)     knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1).

22.     The Supreme Court recently clarified the standard applicable to relation back under Rule 15(c)(1)(C), and in particular, what must be shown under subsection (ii). Krupski v. Cost Crociere S. p. A., – U.S. –, 130 S. Ct. 2485 (2010). In Krupski, the Court ultimately concluded that "relation back under *Rule 15(c)(1)(C)* depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Id. at 2490. Thus, where a plaintiff is aware of the existence of two parties and chooses to sue one and not the other, if that decision was due to a mistaken understanding of the role or status of the party not sued, Rule 13(c)(1)(C)(ii) is satisfied. Id. at 2494. However, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal difference between the two parties is the antithesis of making a mistake concerning the proper party's identity." Id. As the Court further explained: "When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's

identity, the requirements of *Rule 15(c)(1)(C)(ii)* are not met." <u>Id.</u> at 2496.

<u>Argument</u>

**A. Dismissal for Insufficient Process and Service of Process**

23.     Based upon the Hadas Declaration, it is evident that the service of process made on June 17, 2011 on Studio Hadas was deficient, thereby warranting dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure.  Mr. Hadas had not utilized the Long Beach address in more than eight (8) years.  It is the policy of the United States Postal Service to forward mail for a period of no longer than one (1) year.  As a result, service of process on Studio Hadas could not have been effectuated through service by mailing to the Long Beach address.

24.     Mr. Hadas has stated that he is the sole person who receives and opens Studio Hadas' mail at the Oceanside address and that service of the Supplemental Summons and Amended Complaint allegedly made on June 17, 2011 were not received at the Oceanside address at any time.

25.     The fact that Plaintiff's counsel contacted Mr. Hadas for the purpose of persuading him to accept service via e-mail two days prior to the scheduled September 21, 2011 pre-trial conference evidences an acknowledgment by the Plaintiff of a defect in its prior service of process.

26.     The overnight service made on September 19, 2011 by the Plaintiff was intended to rectify the service failure.  Notwithstanding that the Supplemental Summons and Amended Complaint were received by Studio Hadas on September 20, 2011, the Supplemental Summons was then invalid for a period of several months and, thus, defective.

27.     Since the Supplemental Summons was invalid, service of the Supplemental Summons and Amended Complaint was not effectuated by overnight delivery made on September 19, 2011. In that event the Amended Complaint is now a nullity as against Studio Hadas for failure of the Plaintiff to serve a valid summons with the Amended Complaint within 120 days of June 7, 2011,

the date on which the Amended Complaint was filed, as required by Rule 4(m) of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure.

28.     For the foregoing reasons, the Court lacks personal jurisdiction over Studio Hadass, the claims against it are barred and the Amended Complaint should be dismissed as against Studio Hadas under Rules 12(b)(4) and (b)(5) of the Federal Rules of Civil Procedure.

**B. Dismissal for Failure to Statute a Claim**

29.     At the time that the Plaintiff filed the Amended Complaint, the time in which it could commence a separate avoidance action against Studio Hadas, as provided for in 11 U.S.C. § 546(a)(1), had expired.  As a result, the Plaintiff amended the Complaint to name Studio Hadas as a defendant in an essentially identical pleading.

30.     While the courts have permitted claims to relate back to the date of commencement of an action in the instance of a mistake as to the identify of a party, there was no such mistake in connection with this adversary proceeding.

31.     As evidenced by the Checks possessed by the Plaintiff and relied upon it in preparing and filing the Complaint and the detailed schedule of Transfers annexed thereto referencing the Checks, Plaintiff had knowledge that Studio Hadas was a payee on three of the Checks and that each of those same three checks was deposited into Studio Hadas' account.  Moreover, the Plaintiff, through its management agent, had engaged Studio Hadas and an engineer subcontracted to Studio Hadas for the purpose of redesigning the angiography suit at one of the hospitals it owned and scheduled on its petition, namely Mary Immaculate Hospital.  Since, at the minimum, the Plaintiff possessed the Checks when it commenced this adversary proceeding, referenced the Checks in the Complaint and knew or should have known of the contract for design services to be performed at

Mary Immaculate Hospital by Studio Hadas, the Court may consider the Checks and contract as part of the record on this motion. See Brass v. Am. Film Tech., Inc., 987 F.2d at 150.

32.     In this case, the final requirement of relation back for a late-joined party is not satisfied. That is, the Plaintiff made a deliberate decision to not name Studio Hadas as a defendant in the Complaint, and therefore Studio Hadas' lack of knowledge that the suit would be brought against it did not arise out of a mistake of the Plaintiff.

33.     Here, there can be no question that the Plaintiff made a fully informed and deliberate decision to not include Studio Hadas in the Complaint. The very basis of the causes of action included therein are three Checks payable both the originally named defendant and Studio Hadas, that is, both parties were listed on the face of three of the Checks on which the Complaint was based. Moreover, a review of the backside of those same three Checks reveals that they were deposited by Studio Hadas, not the originally named defendant. These facts do not speak to a mistake on the part of the Plaintiff as to the identity of a proper defendant; they speak to the Plaintiff's informed decision to seek relief from the originally named defendant and not Studio Hadas. See In re IndyMac Mortg-Backed Sec. Litig., 09 Civ. 4583 (LAK), 2011 U.S. Dist. LEXIS 67781, at *31–32 (S.D.N.Y. June 21, 2011) (denying leave to amend to include Merrill Lynch as a defendant where original complaint contained specific allegations as to Merrill Lynch's role and conduct in the events forming the basis of the complaint, and thus evidenced a deliberate and fully informed choice to sue Bank of America and not Merrill Lynch (citing Krupski, 130 S. Ct. at 2494)).

34.     Here, the evidence forming the basis of the Complaint, namely the Checks, reveal the role and conduct of Studio Hadas in the events forming the basis of that complaint. Accordingly, it is apparent that the Plaintiff was not mistaken as to the identity of a proper defendant, but rather that the Plaintiff made a deliberate and fully informed decision to sue only the originally named

defendant alone, Mr. Ansari.

## Conclusion

35.     For the foregoing reasons, the Motion to Dismiss the Amended Complaint as against

Studio Hadas should be granted.

36.     I declare under penalty of perjury that the foregoing is true and correct.

Executed:       Wantagh, New York
                October 27, 2011


                            *s/ David A. Blansky*
                            David A. Blansky, Esq.
*M:\Documents\Company\Cases\Studio Hadas Architecture, PC\Blansky Declaration.wpd*